Bartlett, J.
This action was brought to invalidate an assignment made by the firm of Charles McCulloch Beecher & Co.
The question principally litigated upon the trial was whether all the co-partners assented to the assignment. The trial court held that they did not; and on appeal from the judgment in favor of the plaintiffs, the general term of this department, in December, 1886, delivered an opinion in favor of reversal. That opinion was evidently based upon a misapprehension of the facts presented by the record. The form of the pleadings was such as not to leave the plaintiffs at liberty to introduce evidence to disprove the due execution of the assignment if objection had been made to such proof. The former opinion assumed that objection was duly made by the defendants to the introduction of such evidence, and concluded that its admission was an error for which the judgment ought to be reversed. It turns out that no objection was in fact made, but, on the contrary, all the evidence tending to show that the assignment was not executed with the assent or ratification of all the members of the firm, came into the case without any intimation from anybody that it was improper. For this reason the present reargument of the appeal was directed.
No doubt there is a variance between the p.eadings and the proof in regard to the assent of the several parties in *406 whose firm name the assignment was executed, and if objection had been made to the proof on the ground that it was inconsistent with the pleadings, and exception had been taken to its admission, a reversal of the judgment would be necessary. Where, however, the facts proved make out a good cause of action in favor of a plaintiff, and the evidence comes in without objection, and is admissible only with reference to that particular cause of action, the case should be disposed of on the appeal as if the pleadings had been properly. amended. Tinsdale v. Morgan, 7 Hun, 583.
The respondent urges that this testimony in. respect to non-assent was technically admissible upon the issue of fraud, so that no objection could properly have been interposed; but in this view we think his learned counsel is mistaken. The only tendency of the evidence was to establish the fact that no assignment at all had been made, and it is impossible to see how proof of this fact could tend ■to show the making of an assignment, the intent of which was to hinder and defraud creditors.
• The proof fully sustains the finding of the trial court that a foreign partner and one of the resident partners neither assented to the assignment nor ratified its execution; and as the defendants made no objection at the time to trying this question, they must abide by the result.
The judgment should therefore be affirmed, with costs.
Van Brunt, J., concurs.
Landon, J.—I concur on the authority of Tindale v. Morgan cited in Judge Bartlett’s opinion.